In the Matter of MYRON DOMSKY, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 23, 1986

## APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr. (Grace D. Moran* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice by this court on December 16, 1970. In this proceeding the respondent was charged with six allegations of misconduct. The Special Referee found the respondent guilty of charges one, two, three, five and six. Charge four was withdrawn by the petitioner.

The first charge alleged that after the respondent was retained to institute a bankruptcy proceeding he repeatedly falsely assured his client that he had instituted the proceeding, when in truth he had failed to file the bankruptcy petition and failed to return the moneys paid to him in this matter which amounted to $800 in legal fees and $75 for filing fees. The first charge further alleged that the same client paid the respondent $250 to obtain a corporate seal, and that the respondent failed to obtain a corporate seal, and promised to return the fee but failed to do so. The second charge alleged that after the respondent was retained to handle an action for a divorce and was paid a $1,400 legal fee, he neglected said matter and repeatedly falsely assured his client that the matter had been placed on the Trial Calendar, when in fact, he had failed to file any papers in the action with the court. The second charge further alleged that the client was unable to contact the respondent despite repeated efforts to do so. The third charge alleged that after the respondent was retained to handle a divorce matter and paid $250 as a retainer, he neglected that matter, failed to file a counterclaim for a divorce, and falsely advised his client that she had been given a divorce, given custody of the children and marital residence and awarded a Federal income tax refund. This charge further alleged that the client's husband entered a judgment against her for one half of the tax refund without the knowledge of the respondent's client and that the client was unable to contact the respondent for several months. Charge five alleged that the respondent was retained to represent a client with respect to two traffic tickets, was paid $750 as a legal fee, and thereafter, neglected the matter without returning any of the legal fee. The sixth charge alleged that after the respondent was retained in a matrimonial matter, he revealed the confi-

dences and secrets of his client when he delivered loose legal papers to the doorman at the client's apartment house, the contents of which were revealed causing considerable embarrassment to the client.

The petitioner moves to confirm the Special Referee's report which sustained all of the allegations of professional misconduct described above. After an examination of all the evidence, we are in full agreement with the findings of the Special Referee. The respondent is guilty of the misconduct indicated above. The petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the mitigating circumstances advanced by the respondent. We are also cognizant of the fact that the respondent was cautioned by the petitioner Grievance Committee on February 17, 1984, for his failing to cooperate with the Grievance Committee in its investigation of a prior complaint. Accordingly, the respondent should be, and hereby is, suspended from the practice of law for a period of five years, commencing July 21, 1986.

MOLLEN, P. J., MANGANO, GIBBONS, THOMPSON and BRACKEN, JJ., concur.